**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JEREMY DENTON; GINGER DENTON; and REALITY RANCH MILITARY CAMP, dba RRMC, formerly, REALITY RANCH MILITARY CAMP, LLC, an Arizona limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF ARIZONA; ARIZONA DEPARTMENT OF HEALTH SERVICES; NEIL KARNES and JANE DOE KARNES; GREG MOODY and JANE DOE MOODY; BEN STEPLETON and JANE DOE STEPLETON; DIANE ECKLES and JOHN DOE ECKLES; GRAHAM COUNTY; JOHN DOE I-X and JANE DOE I-X; BLACK CORPORATIONS I-X,<br><br>Defendants. | No. CV 09-0011-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Defendants State of Arizona, Arizona Department of Health Services, Ben Stepleton, and Diane Eckles' Motion to Dismiss (Doc. # 7).[1] For the reasons that follow, the Court grants Defendants' motion to the extent that it is premised upon subject matter jurisdiction.

---

[1] Defendants Neil Karnes, Greg Moody, and Graham County have not joined in this motion to dismiss.

**BACKGROUND**

Plaintiff Reality Ranch Military Camp ("RRMC") owned and operated a military style summer camp for boys ages 10-15. In July 2007, an Arizona Department of Health Services inspector, accompanied by officials from the Graham County Health Department, conducted an unannounced inspection of RRMC. The inspector found RRMC to be in violation of the applicable food codes, and there was also concern over the possible contamination of RRMC's water supply. As a result, a statement of deficiencies was issued to RRMC. RRMC's operating certificate was suspended and, eventually, RRMC's camp closed.

In July 2008, Plaintiffs filed a complaint in the Maricopa County Superior Court, alleging three causes of action: 1) monetary damages under 42 U.S.C. § 1983; 2) injunctive relief under 42 U.S.C. § 1983; and 3) violations of unspecified state civil rights. In January 2009, Defendants removed to this Court under 28 U.S.C. § 1441(a), and shortly thereafter, filed their Motion to Dismiss.

**ANALYSIS**

Defendants move to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiffs have no standing to bring this action. In addition, Defendants seek dismissal pursuant to Fed. R.Civ. P. 12(b)(6) for failure to state a claim. The Court will analyze standing first because "[s]tanding is the threshold issue of any federal action, a matter of jurisdiction because 'the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Local Nos. 175 & 505 Pension Trust v. Anchor Cap.*, 498 F.3d 920, 923 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

*Plaintiff Reality Ranch Military Camp*

Defendants argue, and Plaintiffs acknowledge in their Response to Defendants' Motion to Dismiss (Doc. # 9 at p. 3), that RRMC–an unrepresented corporate entity–must be represented by counsel in order to bring and maintain this present action. As such, Defendants argue that RRMC should be dismissed from this suit until RRMC retains legal counsel to bring its civil rights action. This Court agrees.

1  "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Mens Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). The fact that "parties may plead and conduct their own cases personally or by counsel, does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Id.* at 202 (internal quotation marks omitted). Accordingly, because RRMC is not represented by legal counsel in this present action, RRMC's lawsuit will be dismissed without prejudice until it retains counsel to bring its civil rights action.

*Plaintiffs Jeremy Denton and Ginger Denton*

Defendants also argue that Plaintiffs Jeremy Denton and Ginger Denton (collectively "Dentons") do not have standing to sue for the violations of the civil rights of RRMC because the Dentons failed to allege in their complaint any injury that is independent of the alleged injuries suffered by RRMC. As such, Defendants seek to have the Dentons dismissed from this case. In response, the Dentons recognize that they do not have standing to assert claims on behalf of RRMC, nevertheless, the Dentons assert that they have suffered injuries as individuals that are separate from the damages suffered by RRMC.

After a review of Plaintiffs' complaint, it is clear that the alleged damages were suffered by RRMC, rather than the Dentons individually and apart from RRMC. The Dentons claim that, as individuals, they suffered costs associated with remedying the failed inspections of RRMC; that their right to earn a livelihood was impacted; and that their reputation in the community has suffered as a result of Defendants' actions. Yet, even assuming these allegations are true, the Dentons have failed to demonstrate how these damages are separate from those suffered by RRMC. All of the enforcement actions taken in this case that form the basis of Plaintiffs' complaint were taken against RRMC, and not the Dentons individually. The damages the Dentons claim to have suffered individually are intertwined with, and directly result from, the actions taken against RRMC. Indeed, the very same damage claims made by the Dentons as individuals apply equally to RRMC. Based upon the facts averred in Plaintiffs' complaint, it is difficult to conceive of any claim for

- 3 -

1 damages other than those suffered by RRMC. *See Erlich v. Glasner*, 418 F.2d 226, 227-28
2 (9th Cir. 1969) (stating in context of an action under the Civil Rights Act brought by
3 stockholder for damages suffered by a corporation that, even though stockholder owned all
4 of the stock in the corporation, stockholder's claims, which included interference to earn a
5 livelihood, were those of the corporation and not the stockholder).[2]

## CONCLUSION

Accordingly, because this Court finds that neither RRMC or the Dentons are permitted to maintain this present action,

**IT IS ORDERED** that Defendants State of Arizona, Arizona Department of Health Services, Ben Stepleton, and Diane Eckles' Motion to Dismiss (Doc. # 7) is GRANTED insofar as that motion is premised upon lack of subject matter jurisdiction, but DENIED without prejudice in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff Reality Ranch Military Camp's claims against Defendants State of Arizona, Arizona Department of Health Services, Ben Stepleton, and Diane Eckles are dismissed without prejudice; that Plaintiff Reality Ranch Military Camp may pursue its action based upon alleged civil rights violations in a separate action once it is represented by legal counsel in accordance with this Order; that Plaintiffs Jeremy Denton and Ginger Denton's claims against Defendants State of Arizona, Arizona Department of Health Services, Ben Stepleton, and Diane Eckles are dismissed with prejudice for the reasons explained in this Order.

**IT IS FURTHER ORDERED** that although Defendants Neil Karnes, Greg Moody, and Graham County have not moved to dismiss, because the reasoning of this Order would apply equally to them, the claims against Defendants Neil Karnes, Greg Moody, and Graham County are dismissed in accordance with the preceding paragraph.

---

[2] Because neither RRMC or the Dentons may proceed in this present action, the Court need not address the other arguments raised in Defendants' Motion to Dismiss.

**IT IS FURTHER ORDERED** dismissing all fictitious Defendants because the Federal Rules of Civil Procedure do not permit the use of fictitious defendants.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment accordingly.

DATED this 29th day of April, 2009.

James A. Teilborg
United States District Judge